# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41195
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GELACIO CENDEJAS-RENTERIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-235-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gelacio Cendejas-Renteria appeals his within-guidelines sentence of life imprisonment for possession with intent to distribute 500 grams or more of methamphetamine. He challenges his sentence as unreasonable. Regardless of how Cendejas-Renteria has framed his challenge, he effectively argues that the district court (1) procedurally erred and (2) imposed a substantively unreasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41195

Given that Cendejas-Renteria failed to assert these objections to the district court, we review under the plain error standard. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To satisfy that standard, Cendejas-Renteria must show a forfeited error that is "clear or obvious" and that affects his "substantial rights." *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Cendejas-Renteria has not shown any procedural plain error. Although its explanation of the sentence was brief, the court listened to the arguments of both parties, considered Cendejas-Renteria's objections and request for a downward departure, and explicitly noted that its within-guidelines sentence "satisfie[d]" the sentencing factors. The explanation of the sentence was adequate, and the court's failure to provide more specific reasons does not constitute plain error. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Moreover, Cendejas-Renteria has not shown how an additional explanation would have altered his sentence, and thus he has not demonstrated any effect on his substantial rights. *Mondragon-Santiago*, 564 F.3d at 364.

Nor has he rebutted the presumption of substantive reasonableness to his within-guidelines sentence. *See Mondragon-Santiago*, 564 F.3d at 360. To do so, Cendejas-Renteria must show that "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). However, the district court made an individualized assessment of the facts presented based on appropriate sentencing factors. *See Gall*, 552 U.S.

2

at 50.   Nor has Cendejas-Renteria pointed to any part of the record that establishes that the court gave improper weight to any sentencing factor. Rather, his reasonableness challenge essentially asks that this court reweigh the § 3553(a) factors, which is not within the scope of this court's review.  *See Gall*, 552 U.S. at 51.  Cendejas-Renteria has not established that his within-guidelines sentence of life imprisonment was unreasonable.

AFFIRMED.